## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHERMAN STREET ASSOCIATES, | : | |
| LLC. AND MICHAEL J. KNIGHT, | : | |
|     Plaintiffs | : | |
| | : | |
|           v. | : | 3:03-cv-1875 (CFD) |
| | : | |
| JTH TAX, INC. ET AL., | : | |
|     Defendants | : | |

## RULING ON MOTION TO STRIKE JURY DEMAND

**Summary**

    This case arises out of a business dispute between the plaintiffs, tax preparer Sherman Street Associates ("Sherman Street") and its manager Michael Knight ("Knight"), and their franchisor, defendant JTH Tax, Inc. ("JTH") which does business as Liberty Tax Service, Inc. ("Liberty").  The franchise agreement that governed the parties' relationship contained a waiver of the right to a jury trial if disputes arose among the parties.  The defendant has moved to strike the plaintiff's demand for a trial by jury.

### I.    Factual Background[1]

    The defendant is a national company in the tax preparation industry.  It contracts with franchisees to operate local Liberty offices throughout the United States.  The parties here entered into several franchise agreements which concerned the operation of four Liberty offices

---

[1] Unless otherwise noted, this information is taken from the parties' filings in support of and in opposition to the instant motion, as well as the accompanying exhibits and affidavits.

in Connecticut.  Each contract contained a "Jury Waiver" provision which stated that "[i]n any trial between any of the parties hereto, including present and former employees and agents of ours, you and we agree to waive our rights to a jury trial and instead have such action tried by a judge."  <u>See</u> Motion to Strike Jury Demand, Civil Action No. 03-cv-1875 (CFD), Dkt. # 136, Ex. A (Franchise Agreement), p. 15.

In this case, the plaintiffs brought a claim under the Connecticut Franchise Act, <u>see</u> Conn. Gen. Stat. § 42-133e et seq., (CFA) as well as a common law claim for tortious interference.  In a prior ruling, this Court decided that Connecticut law will apply to the claim under the CFA and that Virginia law will apply to the tortious interference claim.  <u>See</u> Ruling on Cross Motions for Summary Judgment, Civil Action No. 03-cv-1875 (CFD), Dkt. # 133.  The defendant asks this Court to strike the plaintiffs' demand for a trial by jury.[2]

## II.     Legal Standards and Discussion

When asserted in federal court, a claim for a jury trial is governed by federal law. <u>McGuire v. Russell Miller, Inc.</u>, 1 F.3d 1306, 1313 (2d Cir. 1993).  However, in diversity actions, this right is determined by looking to the applicable state law.  <u>See</u> <u>GTFM, LLC v. TKN Sales, Inc.</u>, 257 F.3d 235, 240-41 (2d Cir. 2001).  Under both Connecticut and Virginia law, it is possible for parties to waive the right to a trial by jury in advance of a dispute arising between them.  <u>See, e.g.</u> <u>Smith-Johnson Motor Corp. v. Hoffman Motors Corp.</u>, 411 F.Supp. 670 (E.D. Va. 1975); <u>L & R Realty v. Connecticut Nat'l Bank</u>, 46 Conn. App. 432 (1997).  According to

---

[2] The defendants have made similar motions earlier in this case.  <u>See</u> Civil Action No. 03-cv-1875 (CFD), Dkt. # 33, 49.  This Court denied each motion without prejudice to refiling.  <u>See</u> Civil Action No. 03-cv-1875 (CFD), Dkt. # 42, 67.

Second Circuit precedent, the party seeking to enforce such a waiver bears the burden of showing that it was both knowing and voluntary.  <u>Nat'l Equip. Rental, Ltd. v. Hendrix</u>, 565 F.2d 255 (2d Cir. 1977).

Connecticut decisions have not settled the issue of whether the CFA confers upon a party the right to a trial by jury.  The plaintiffs submit that the CFA "share[s] common history and purpose" with the Connecticut Unfair Trade Practices Act (CUTPA).  <u>See</u> Plaintiffs' Response to Defendants' Renewed Motion to Strike Jury Demand, Civil Action No. 03-cv-1875 (CFD), Dkt. # 148, p. 4.  Since CUTPA specifically provides for a jury trial, the plaintiffs argue that the same right is implied in the CFA.  <u>See id</u>.  However, the Connecticut Superior Court has taken the position that since the CFA created rights that did not exist at common law, the statute did not give rise to the right to a jury trial.  <u>See</u> <u>Hartford Elec. Supply Co. v. Allen-Bradley Co.</u>, 2000 WL 1918005 *3 (Conn. Super. Dec. 18, 2000).  While the state's appellate courts have not addressed this question, they have yet to hold that a CFA claim was improperly submitted to the jury.  <u>See</u> <u>Charts v. Nationwide Mut. Ins. Co.</u>, 397 F. Supp. 2d 357, 366 (D. Conn. 2005), rev'd on other grounds <u>Chartschlaa v. Nationwide Mut. Ins. Co.</u>, et al., 538 F.3d 116 (2d Cir. 2008). CFA cases before the U.S. District Court for the District of Connecticut have been submitted to the jury in prior cases.  <u>See</u> <u>Valentino v. S.B. Thomas, Inc.</u>, 2001 U.S. Dist. LEXIS 25313 (D. Conn. Oct. 28, 2001) (upholding both a jury's determination that a franchise existed and the award of damages to the franchisee for the franchisor's termination of that agreement in violation of the CFA); <u>see also</u> <u>Charts</u>, 397 F.Supp.2d at 366 (denying a motion for judgment notwithstanding a jury verdict rendered on a claim under the CFA).  These authorities provide scant support for the right to a jury trial under the CFA.  This Court agrees with Judge Satter's

reasoning in <u>Hartford Electric Supply</u>, and holds that a jury trial is not available under the CFA in the absence of a statutory provision.

Even if the CFA provided for jury trials, it is clear that waivers of that right are enforceable. So, too, under Virginia law as to the count for tortious interference. Federal and state courts have ordered arbitration of claims under franchise statutes and CUTPA where one party sought a trial by jury. <u>See</u> <u>Discount Trophy & Co., Inc. v. Plastic Dress-Up Co.</u>, 2004 WL 350477 *3, n. 5 (D. Conn. February 19, 2004), citing <u>Southland Corp. v. Keating</u>, 465 U.S. 1, 15-16 (1984) (holding that statutory franchise claims were arbitrable); <u>Doctor's Assoc., Inc. v. Stuart</u>, 85 F.3d 975, 985 (2d Cir. 1996) (holding that franchisee claims were arbitrable); <u>McMahan Sec. Co. L.P. v. Forum Capital Markets L.P.</u>, 35 F.3d 82, 85-86 (2d Cir.1994) (holding that CUTPA and unfair competition claims were arbitrable); <u>Mehler v. Terminix Intern. Co. L.P.</u>, 205 F.3d 44, 49-50 (holding that CUTPA claims were arbitrable); <u>Neary v. Prudential Ins. Co.</u>, 1997 WL 114789 at *4 (D. Conn. Feb.24, 1997) (same); <u>Success Cntrs., Inc. v. Huntington Learning Ctrs., Inc.</u>, 223 Conn. 761, 765 (1992) (same). <u>See also</u> <u>Stodolink v. Yankee Barn Homes, Inc.</u>, 574 F. Supp. 557, 558 (D. Conn. 1983) (ordering arbitration pursuant to an agreement to arbitrate even though the plaintiffs asserted that judicial remedies under CFA were non-waivable).

The defendants may prevail on their motion to strike the plaintiff's jury trial demand by showing that the plaintiff evinced a clear intent to waive any jury trial rights. In the franchise agreement between the plaintiffs and defendants, each side agreed that "to waive [their] rights to a jury trial and instead have such action tried by a judge." <u>See</u> Motion to Strike Jury Demand, Civil Action No. 03-cv-1875 (CFD), Dkt. # 136, Ex. A (Franchise Agreement), p. 15. Here, it

appears that Knight understood the language of the waiver and its consequences.  He represented to the defendants that he had $1,500,000 in assets, an annual salary of $300,000, and no liabilities.  See Defendant's Reply in Support of Motion to Strike Demand for Trial by Jury, Civil Action No. 03-cv-1875 (CFD), Dkt. # 150, Ex. A, ¶ 6.  After earning a bachelor's degree and attending an MBA program, Knight has been a certified public accountant for twenty-six years, a Certified Fraud Examiner since 1994, and a Certified Valuation Analyst since 1997.  See id., Ex. A, ¶ 6; Ex. B, pp. 6-7.  In June 2002, Knight was provided with standard franchise offering information by the defendant and was required to retain it for ten days business days before taking action.  See Defendant's Reply in Support of Motion to Strike Demand for Trial by Jury, Civil Action No. 03-cv-1875 (CFD), Dkt. # 150, Ex. A, ¶ 6.  This information included the franchise agreement and its jury waiver provision.  See id.  Thereafter, he purchased ten territories and signed twenty franchise agreements, each containing the jury waiver provision. See id., p. 3.  Knight also signed two promissory notes which contained the same jury waiver provisions.  See id.

In all, the defendant has shown that Knight signed many different documents that contained the jury waiver in question.  Knight's educational and professional background show him to be a sophisticated businessman with knowledge of the industry.  During the negotiation process, he had the opportunity to request changes to the agreements he was signing.  While Knight requested changes to the language of a promissory note, he did not request any changes to the franchise agreements or to the jury trial waiver provisions.  See id.  As a result, his decision to waive any right to a trial by jury was both knowing and voluntary.  See Hendrix, 565 F.2d at 255.

**IV.    Conclusion**

For the foregoing reasons, the Motion to Strike Jury Demand [Dkt. # 136] is GRANTED.

So ordered this <u>22nd</u> day of March, 2010 at Hartford, Connecticut.


<u>/s/ Christopher F. Droney</u>
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**