UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHERMAN STREET ASSOCIATES, LLC<br>and MICHAEL KNIGHT,<br>    Plaintiffs, | :<br>:<br>: |
| v. | :<br>: 3:03-cv-1875 (CFD)<br>:<br>: |
| JTH TAX, INC. ET AL.,<br>    Defendants. | :<br>: |

**RULING ON MOTION FOR ATTORNEY'S FEES, COSTS,
EXPENSES, AND PREJUDGMENT INTEREST**

**I.     Introduction**

This case arises out of a business dispute between the plaintiffs, Sherman Street Associates, LLC and Michael Knight (generally referred to collectively as "Sherman Street"), and defendant JTH Tax, Inc., d/b/a Liberty Tax Service, Inc. ("Liberty").  After a five-day bench trial, this Court awarded Liberty $70,467.22 in damages ($26,467.22 for the unpaid accounts receivable and $44,000 for the unpaid promissory note), plus prejudgment interest and attorney's fees.  Liberty has filed a motion for prejudgment interest, attorney's fees, and costs pursuant to Sherman Street's Promissory Note (the "Note") and franchise agreements.

**II.    Background**

Sherman Street brought four claims against Liberty for violations of the Connecticut Unfair Trade Practices Act ("CUTPA") and the Connecticut Franchise Act ("CFA"), tortious interference with business expectancy, and breach of the duty of good faith and fair dealing.  In response, Liberty brought four counterclaims for breach of the franchise agreements, breach of the promissory note, breach of guaranty, and an accounting.  The Court granted Liberty's motion

for summary judgment on the CUTPA and breach of the good faith and fair dealing claims. Liberty did not pursue its counterclaim for accounting at trial. Thus, the Court adjudicated Sherman Street's violation of the CFA and tortious interference claims and Liberty's breach of franchise agreements, breach of promissory note, and breach of guaranty counterclaims at trial.

On August 30, 2011, this Court filed its Memorandum of Decision, finding that Liberty violated the CFA by not complying with the Act's sixty-day notice provision,[1] and that Liberty did not tortiously interfere with Sherman Street's potential sale of the Bridgeport franchise. The Court also found that Sherman Street breached the franchise agreements and the promissory note, and that Michael Knight is jointly and severally liable. The Court awarded damages to Liberty in the amount of $70,467.22, plus interest, attorney's fees, and costs. Liberty has filed a post memorandum of decision motion seeking such amounts. Specifically, Liberty seeks $126,924.25 in interest, $109,288.43 in attorney's fees, and $5,585.16 in costs.

## III.  Applicable Law and Discussion

### A.  Recovery of Interest

Section 4.g of Liberty's franchise agreements with Sherman Street provides that: "You must pay interest of 18% (compounded daily) per year, or the maximum permitted by law, if less, on any amounts owed to us that are more than 15 days past due."

Sherman Street's Note provides for "interest at the rate of twelve percent (12%) per annum on the unpaid balance computed from [January 21, 2003]." The Note also provides that "[i]nterest under this Note will be calculated on the basis of the 360-day year consisting of twelve

---

[1] Although the Court found for Sherman Street on this count, it did not award any damages because Sherman Street failed to show any lost profits attributable to the violation of the statutory notice requirement.

30-day months."

This Court found that Liberty is entitled to damages of $26,467.22 for the unpaid accounts receivable and $44,000 for the unpaid promissory note. Under the franchise agreements, Liberty is entitled to interest at a rate of 18% (compounding daily) per year on the $26,467.22. The Court has calculated the interest on this amount, accruing from November 1, 2003 to November 21, 2011, the day the judgment enters, totaling $86,309.80.[2] Sherman Street does not contest that it owes this amount in prejudgment interest.

Under the Note, Liberty is entitled to interest at a rate of 12% per year on the $44,000. The Court has calculated the interest on this amount, accruing from January 21, 2003 to November 21, 2011, totaling $46,640.00.[3] Sherman Street does not contest this amount.

In sum, the total amount of prejudgment interest due on the judgment is $132,949.80 ($86,309.80 + $46,640.00).

**B.    Recovery of Attorney's Fees**

It is a well-established principle that "[i]n diversity cases, attorney's fees are considered substantive and are controlled by state law." Bristol Tech., Inc. v. Microsoft Corp., 127 F. Supp. 2d 64, 66 (D. Conn. 2000) (quoting United States v. One Parcel of Prop. Located at 414 Kings Highway, No. 5:91-CV-158 EBB, 1999 WL 301704, at *4 (D. Conn. May 11, 1999)); see also

---

[2] Thomas Daniels, Chief Accounting Officer for Liberty, calculated the interest on this amount, accruing from November 1, 2003 to August 30, 2011, totaling $80,812.25. See Thomas Daniels Decl. ¶¶ 6–8, ECF No. 216. The Court recalculates the interest to run through the date of judgment.

[3] Daniels calculated the interest under the Note, accruing from January 21, 2003 to August 30, 2011, totaling $46,112.00. See Thomas Daniels Decl. ¶¶ 9–10, ECF No. 216. The Court, however, recalculates the interest to run through the date of judgment, and on the basis of a 360-day year as indicated in the Note.

Kaplan v. Rand, 192 F.3d 60, 70 (2d Cir. 1999).  Connecticut follows the common law "American" rule in assessing the award of attorney's fees.  Under the "American" rule, "attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception."  Ames v. Comm'r. of Motor Vehicles, 267 Conn. 524, 532 (2004) (citation omitted).  "A successful litigant is entitled to an award of attorney's fees if they are provided by contract."  Jones v. Ippoliti, 52 Conn. App. 199, 209 (1999); see also MD Drilling and Blasting, Inc. v. MLS Constr., LLC, 93 Conn. App. 451, 457–58 (2006).

     Here, the Note provides that "[t]he undersigned agrees to pay all attorneys' fees and other costs and expenses that Liberty may incur in connection with the collection or enforcement of this Note or the preservation or disposition of any collateral for the payment of this Note."  The franchise agreements do not contain any attorney's fees provisions.

     "Under Connecticut law, 'a contract clause providing for reimbursement of incurred fees [as opposed to reasonable fees] permits recovery upon the presentation of an attorney's bill, so long as that bill is not unreasonable upon its face and has not been shown to be unreasonable by countervailing evidence or by the exercise of the trier's own expert judgment."  LaPlante v. Estano, No. 3:04-cv-322 (CFD), 2007 WL 2789429, at *1 (D. Conn. Sept. 25, 2007) (quoting Storm Assocs., Inc. v. Baumgold, 186 Conn. 237, 246 (1982)).  "Under such contracts, the prevailing party discharges its burden merely by providing the court with evidence showing the services provided by counsel with respect to the breach of contract and the fees charged for those services."  Id. (citing Francis T. Zappone Co. v. Plymouth Commons Realty Corp., No. CV020820681S, 2004 WL 1891014, at *7 (Conn. Super. Ct. July 28, 2004)).  The burden then

shifts to the opposing party to show that the Court should not award such fees "'because they were billed at unreasonably high rates or because they were actually incurred for a wholly unrelated purpose.'" Id. (quoting Francis T. Zappone, 2004 WL 1891014, at *7).

Liberty seeks two-sevenths (2/7) or 28.57% of its attorney's fees in the amount of $109,288.43. In support of its application, Liberty's counsel submitted detailed billing records and declarations listing attorney billing rates. Sherman Street counters that Liberty should only be entitled to one-eighth (1/8) or 12.5% of its attorney's fees in the amount of $47,813.69.

The Note entitles Liberty to "all attorneys' fees and other costs and expenses [incurred] in connection with the collection or enforcement of this Note." Liberty does not seek all of its attorney's fees, costs, and expenses because a portion of such fees were not incurred in the collection of the Note; rather, they were incurred in defending Sherman Street's claims and prosecuting its claim under the franchise agreements. In this litigation, Sherman Street brought four claims and Liberty brought four counterclaims. Liberty did not pursue its counterclaim for accounting and, therefore, this Court adjudicated seven total claims. Liberty contends that it is entitled to two-sevenths of its attorney's fees, costs, and expenses because its breach of the promissory note and breach of personal guaranty counterclaims were "in connection with the collection [and] enforcement of" the Note.[4] Sherman Street contends that Liberty is entitled to one-eighth of its attorney's fees because the parties litigated eight total claims through summary judgment and only Liberty's counterclaim for breach of the promissory note was in connection

---

[4] Liberty originally sought three-sevenths of its attorney's fees, arguing that its breach of the franchise agreements' claim was in connection with the collection of the Note. At oral argument, however, Liberty conceded this argument, explaining that its counterclaim for breach of the franchise agreements was only related to the collection of its unpaid royalties, not the collection of the $44,000 due on the Note.

with the collection of the Note.

Liberty's counterclaim for breach of the promissory note was clearly related to the collection and enforcement of the Note, and Sherman Street does not dispute this. Sherman Street does dispute whether Liberty's counterclaim for breach of guaranty was incurred in "connection with the collection or enforcement of [the] Note." Section 21 of the franchise agreements made Michael Knight jointly and severally liable for Sherman Street's outstanding debts, which include both the amount of accounts receivable under the franchise agreements and the amount of the promissory note. Because both Sherman Street and Michael Knight failed to make payments under the terms of the Note, Liberty sought relief in this Court against both parties. Thus, the Court finds that Liberty is entitled to its attorney's fees in connection with the litigation of the breach of guaranty counterclaim against Michael Knight.

Moreover, the Court finds that the parties litigated seven total claims because the litigation of the accounting claim was inconsequential. Although Sherman Street argues that this claim caused the parties to conduct financial discovery, such discovery would have otherwise occurred. Thus, because the accounting claim did not produce any additional documents or require significant attorney time, the Court does not consider this claim in determining the percentage of attorney's fees to which Liberty is entitled.

In sum, the Court finds that Liberty is entitled to two-sevenths of the attorney's fees that it incurred in this case. See LaPlante, 2007 WL 2789429, at *4 ("The court finds that it is appropriate to reduce the amount of attorneys' fees sought by the defendant by 10% to account for the work performed by his attorneys solely on counts unrelated to the breach of contract claim."); Francis T. Zappone Co., 2004 WL 1891014, at *10–12. Liberty presents a total of

$382,509.50 in attorney's fees.[5]  Two-sevenths of this amount is $109,288.43.

### C. Recovery of Costs

Liberty seeks costs pursuant to the contractual provision in the Note in the amount of $5,585.16, which is two-sevenths of its total costs.  Sherman Street argues that Liberty is not entitled to the costs that it claims because they are not allowable costs under the Local Rules of the District of Connecticut, the Connecticut Practice Book, or the Connecticut General Statutes.

The Note entitles Liberty to "all attorneys' fees and other costs and expenses" without defining "costs" or specifying what "costs" are collectable.  Liberty seeks to collect various costs and expenses, many of which would not be allowed under the Local Rules.  For example, Liberty seeks to collect travel and meal expenses of counsel, courier fees, overnight delivery fees, and computerized legal research fees.  Sherman Street objects to all of these costs, except for the deposition transcript fees incurred by Wiggin and Dana LLP in the amount of $575.79.

Although Local Rule 54, Fed. R. Civ. P. 54(d), and 28 U.S.C. § 1920 provide the framework for determining the proper award of statutory costs, available to the prevailing party in all cases, they do not apply if a contractual provision authorizes costs and expenses, as part of an attorney's fee award.  Austrian Airlines Oesterreichische Luftverkehrs AG v. UT Fin. Corp., No. 04 Civ. 3854 (LAK)(AJP), 2008 WL 4833025, at *8 (S.D.N.Y. Nov. 3, 2008); see, e.g.,

---

[5] Liberty originally sought a total of $428,795.00 in attorney's fees, but lowered this amount in its reply memorandum in order to avoid a dispute with Sherman Street over the reasonableness of the fees charged by the law firm Haynes and Boone, LLP.  Sherman Street argued that the fees charged by Haynes and Boone are in excess of what is "reasonable" in this District.  Although not agreeing that its request is unreasonable, especially in light of the exclusion of approximately 654 hours billed by its in-house attorneys, Liberty lowered its fee request for the Haynes and Boone fees to the amount that Sherman Street concluded was reasonable.

Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987) ("[A]bsent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920."); Rangolan v. Cnty. of Nassau, 370 F.3d 239, 250 (2d Cir. 2004) ("[T]he district court has no discretion to award costs not authorized by statute or contractual provision." (citations omitted)).

The contractual attorney's fee provision in the Note clearly provides for attorney's fees "and other costs and expenses," rendering Local Rule 54 and 28 U.S.C. § 1920 inapplicable. UT Fin. Corp., 2008 WL 4833025, at *9; see also Air Brake Sys. v. TUV Rheinland of N. Am., Inc., No. 07-cv-01364 (CSH), 2010 WL 2388439, at *1 (D. Conn. June 9, 2010) (awarding the defendant all costs under the parties' contract because the contract provided that "in the event of any legal action, the prevailing party shall be entitled to recover from the other party all costs, expenses and reasonable attorney's fees, expert witness fees, and any other costs incurred to bring or defend such action"); Ursa Minor Ltd. v. Aon Fin. Prods., Inc., No. 00 Civ. 2474 (AGS), 2001 WL 1842042, at *9 (S.D.N.Y. May 30, 2001) (awarding costs under contractual attorney's fee provision, including "photocopying, printing, computerized legal research, travel expenses, long distance telephone charges, staff overtime, and courier fees").

Here, the contractual provision is more expansive than the statutory rules regarding costs. As discussed above, where a contract clause does not limit the attorney's fees and costs to "reasonable" fees and costs, the party is entitled to the costs it incurred unless the amount of the costs is unreasonable on its face, or the party opposing the application shows that the costs are unreasonable. See Storm Assocs., 186 Conn. at 246.

Here, the amount that Liberty seeks for costs is not unreasonable on its face, and Sherman

Street has not presented any evidence of unreasonableness. Instead, Sherman Street only argues that Liberty is not entitled to these costs under federal or state law. As discussed above, however, Liberty is entitled to its costs based on contract, not statutory, law. The Court finds the costs reasonable and routine,[6] and therefore the Court finds that Liberty is entitled to its requested costs as a component of its contractual attorney's fees award. Again, Liberty is entitled to two-sevenths of its total costs, or $5,585.16, because it is only entitled to the percentage of its costs that were incurred in connection with the collection or enforcement of the Note.

## IV. Conclusion

For the reasons set forth above, the defendant's motion for attorney's fees [Dkt. # 216] is GRANTED. Sherman Street and Michael Knight shall pay Liberty $70,467.22 in damages, plus $132,949.80 in prejudgment interest, plus $114,873.59 in attorney's fees and costs, in accordance with this ruling.

The Clerk is ordered to enter judgment in favor of the defendant and close this case.

SO ORDERED this   21st   day of November 2011, at Hartford, Connecticut.


          **/s/ Christopher F. Droney**
          **CHRISTOPHER F. DRONEY**
          **UNITED STATES DISTRICT JUDGE**

---

[6] The costs involved include photocopying, faxing, long distance and conference telephone charges, computerized legal research, travel expenses, meals, staff expenses, postage, overnight delivery charges, filing, and courier fees. See Bethany L. Appleby Decl. Ex. B, ECF No. 216; Deborah S. Coldwell Decl. Ex. B, ECF No. 216; Warren F. Sasso Decl. Ex. A, ECF No. 216.